UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| RACHEL L. KUNTZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:26-CV-00012-DCLC-CRW |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREA LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

This matter is before the Court to consider the Order and Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 8]. First, the magistrate judge recommends the Court remove Plaintiff R.D.B., who, according to the Complaint's allegations [Doc. 2], is Plaintiff Rachel L. Kuntz's minor child, as a party to this action. *See* Fed. R. Civ. P. 17(c); *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002). Second, the magistrate judge recommends the Court dismiss Plaintiff's claims because they are fantastical or delusional and because Plaintiff fails to state claims for which relief may be granted. Third, the magistrate judge recommends that the Court declare Plaintiff a vexatious litigant. Plaintiff did not file objections to the R&R.[1] *See* Fed. R. Civ. P. 72(b).

After thorough consideration of the R&R and the record as a whole, the Court finds that the R&R properly analyzes the issues presented. For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that the R&R [Doc. 8] is **ADOPTED**,

---

[1] Failure to file objections within the 14-day period pursuant to Rule 72(b) results in waiver of the right to appeal the Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985).

and Plaintiff's complaint [Doc. 2] is **DISMISSED WITH PREJUDICE**.

The magistrate judge also recommends that the Court declare Plaintiff a vexatious litigant because of her documented history of frivolous and duplicative filings and because she was previously warned that further frivolous filings would result in her being declared a vexatious litigant. *See* [Doc. 8, pgs. 4–5]. The magistrate judge notes that Plaintiff has filed four previous complaints, not including the instant matter, all of which have been dismissed at the screening stage. *See Kuntz et al. v Garrison et al.*, No. 2:21-cv-00117-DCLC-CRW (dismissed with prejudice for failure to prosecute); *Kuntz et al. v. Lewis et al.*, No. 2:22-cv-00034-TAV-CRW (dismissed for failure to state a claim); *Kuntz et al. v. Wray*, No. 2:24-cv-00009-JRG-CRW (dismissed for failure to state a claim); *Kuntz et al. v. Fellers et al.*, No. 2:24-cv-00105-JRG-CRW (dismissed with prejudice and warning plaintiff that she may be declared a vexatious litigant if she continues to make frivolous filings). The magistrate judge also notes that although each of the complaints are slightly different, three of them name Andrea Lewis as a defendant, multiple actions attempt to bring claims on behalf of Plaintiff's minor child, and they all include similar "fantastical or delusional" allegations. The Court has reviewed the R&R, and it agrees with the magistrate judge's conclusions.

The Court has the authority to restrict prolific litigants from repeatedly filing frivolous matters without first obtaining leave of court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991); *Jones v. Kolb*, 91 Fed. Appx. 367, 369 (6th Cir. 2003). The Sixth Circuit has determined that restricting prolific litigators from filing any document without prior approval by the Court is a proper method for handling the complaints of prolific litigators. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). "A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain

leave of the district court to assure that the claims are not frivolous or harassing" and such a requirement is appropriate when a litigant has demonstrated a pattern of repetitive or vexatious litigation, particularly where "a litigant is merely attempting to collaterally attack prior unsuccessful suits." *Raimondo v. United States*, No. 21-10854, 2022 WL 3581144 (E.D. Mich. Aug. 19, 2022).

To impose such a restriction, the Court must "'identify a pattern of repetitive, frivolous, or vexatious filings.'" *United States v. Petlechov*, 72 F.4th 699, 710–11 (6th Cir. 2023) (quoting *Feathers*, 141 F.3d at 269). Although litigiousness alone is not sufficient to support an injunction, "a pattern of filing repetitious or frivolous actions is a waste of judicial resources," and because the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice ... the Court may impose sanctions on [litigants who] continue to file repetitious or frivolous claims." *Porter v. D + C Recovable arm. Tr.*, No. CV 23-40170-MRG, 2024 WL 967575, at *2 (D. Mass. Mar. 6, 2024) (internal quotations omitted). *See, e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

Based upon Rachel L. Kuntz's prior conduct, the Court finds that Ms. Kuntz has demonstrated a pattern of filing frivolous lawsuits and motions and, accordingly, finds that it is reasonable to anticipate that Ms. Kuntz will persist in her current pattern of frivolous litigation. The Court therefore finds that nothing less than a comprehensive filing injunction will be adequate to prevent Ms. Kuntz from further wasting judiciary resources.

Accordingly, Rachel L. Kuntz is hereby **PERMANENTLY ENJOINED** from filing any new petitions or complaints in this Court or from making any new filing in any cases that have been closed without first seeking and obtaining the Court's permission to file. To obtain the Court's permission to file, Ms. Kuntz MUST submit to the Court:

1. A copy of the proposed petition, complaint, or document to be filed.

2. A "Motion Pursuant to Court Order Seeking Leave to File," which must include as exhibits:

   a. A copy of this Order;

   b. A declaration prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit, certifying that:

      i. The petition, complaint, or other document raises a new issue which has never been previously raised by Ms. Kuntz in this or any other court;

      ii. The claims asserted in the petition, complaint, or other document are not frivolous; and

      iii. The petition, complaint, or other document is not filed in bad faith.

   c. A statement that lists:

      i. The full caption of each and every suit that has been previously filed by Ms. Kuntz or on his behalf in any court against each and every defendant named in any new suit he wishes to file; and

      ii. The full caption of each and every suit that he has filed that is currently pending.

The Clerk's Office shall identify Rachel L. Kuntz as a RESTRICTED FILER in CM/ECF and shall reject any proposed filings by Ms. Kuntz that do not contain the required Motion Pursuant to Court Order Seeking Leave to File and required exhibits. The Court may deny any motion for

4

leave to file if the proposed filing is frivolous, vexatious, or harassing, or otherwise fails to comply with this Order. If the motion is denied, the document shall not be filed and will be returned to Ms. Kuntz.

The Court may dismiss any action initiated by the inadvertent filing by the Clerk's Office of any document submitted by Ms. Kuntz that has not been approved for filing in compliance with this Order.  The Court may also dismiss any action removed to this Court that has been improperly filed in another Court in an attempt to circumvent this Order. A failure to comply with this Order may lead to further sanctions.

A separate judgment order will follow.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

5

